UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                               CRIMINAL ACTION NO. 2:14-00219

**WILLIAM LEON SALES**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On April 9, 2018, the United States of America appeared by Jennifer Rada Herrald, Assistant United States Attorney, and the defendant, William Leon Sales, appeared in person and by his counsel, Mary Lou Newberger, for a hearing on the petition seeking revocation of supervised release, and amendment thereto, submitted by United States Probation Officer M. Dylan Shaffer. The defendant commenced a three-year term of supervised release in this action on February 17, 2017, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on April 6, 2015.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant failed to submit a written monthly report for May 2017; (2) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on April 20, 2017, for cocaine and marijuana, the defendant having admitted to the probation officer that he had consumed heroin, cocaine, and marijuana; a positive urine specimen submitted by him on May 10, 2017, for marijuana, codeine and morphine; and a positive urine specimen submitted by him on May 15, 2017, for opiates and marijuana, the defendant having admitted to the probation officer that he had consumed heroin and marijuana; (3) the defendant failed to report for individual substance abuse counseling as instructed on May 25, 2017; (4) the defendant failed to attend intensive outpatient substance abuse group treatment sessions as instructed on May 25, June 1, 6, 8, 13, 15 and 20, 2017; (5) the defendant failed to report for drug screening as instructed on April 24, May 4 and 23, June 6, 9, 13 and 19, 2017; and (6) the defendant left the judicial district without permission of the court or probation officer inasmuch as on October 11, 2017, he was arrested and charged in Versailles

Township, Pennsylvania, with providing false identification to law enforcement authorities and possession of a substance/counterfeit substance by an unauthorized person; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS, to be followed by a term of twenty-eight (28) months of supervised release upon the standard conditions of

supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he participate in, commencing immediately upon release, and successfully complete an inpatient drug treatment program, preferably the 9 to 12 month residential program at Recovery Point, if available, or an inpatient residential drug treatment program comparable thereto.  If feasible, the defendant shall be transported from his place of incarceration directly to the program designated by the probation officer, without interruption, with transportation to be provided by Hannah Martin.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  April 12, 2018

John T. Copenhaver, Jr.
United States District Judge